JOE TUCKER AND GLOVER RAKER, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed December 8, 1919.

Where an application for a continuance on the ground of an absent witness in all essentials conforms to the rule laid down by this court, except that instead of alleging that the witness is "within the jurisdiction of the court" alleges that "they are absent in France as Soldiers of the United States and are thus absent without their consent expressly or impliedly given; that no subpoena has been issued for them returnable to this court because a subpoena would be unavailing in their cases but that said Soldiers of the United States doing duty overseas are being returned rapidly to this country in large numbers and that before the next term of the court the defendants, movants herein, believe both of said witnesses will be in Wakulla County and responsive to process from this court;" it presents a condition not contemplated when the rule was adopted, and is a sufficient showing, all the other elements of a proper application for a continuance being present, to entitle the defendants to a continuance.

A Writ of Error to the Circuit Court for Wakulla County; E. C. Love, Judge.

Judgment reversed.

*W. C. Hodges,* for Plaintiffs in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

BROWNE, C. J.—This case comes before us on the sole question of the ruling of the court on the application of the defendant for a continuance for the term.

"An application for a continuance on the ground of an absent witness should state under oath the facts to be proven by the witnesses, where and how the information was obtained; and that the desired witness would testify as stated, and the application should also state facts showing that all reasonable effort has been made to secure the attendance of the witness at the time of the application for continuance is made; that he is absent without the consent of the party, directly or indirectly given; that he resides within the jurisdiction of the court; that the testimony is material and not merely cumulative; that the testimony desired cannot be given by any available witness; that the applicant reasonably expects to procure the presence of the witness at the future day; that he cannot safely go to trial without the testimony of the witness; that the application is made in good faith and not for delay only." Moore v. State, 59 Fla. p. 30.

It is true the application does not use the exact words of the rule, but this is not required, but only that it shall "state facts showing" what is required by the rule.

In all essentials it conforms to the rule, except it fails to allege that the witnesses reside "within the jurisdiction of the court," and in lieu of that it alleges that "they are absent in France as Soldiers of the United States and are thus absent without their consent expressly or impliedly

given; that no subpoena has been issued for them return-able to this court because a subpoena would be unavailing in their cases, but that said soldiers of the United States doing duty overseas are being returned rapidly to this country in large numbers and that before the next term of the court the defendants, movants herein, believe both of said witnesses will be in Wakulla County and respon-sive to process from this court."

The fact that these witnesses had been drafted into the army of the United States and sent overseas to take part in a war in which this country was engaged, presents a condition not contemplated when the rule was adopted. It is not conceivable that the rule should be used to de-prive a person of the only witnesses who could testify to material facts in his behalf which he had reason to be-lieve would establish his innocence, because they were out of the jurisdiction of the court fighting for our gov-ernment and its institutions.

The situation was a new one, and the Circuit Judge no doubt felt it was his duty to refuse the motion because it did not comply in terms with the rule laid down by this court, and that it was not within his discretion to waive any of the requirements of the rule or to extend it to in-clude persons who were absent in the military service of the government.

We cannot say that this was an abuse of discretion by the trial judge, but it was a failure to exercise his discre-tion, and construe the rule in the light of the changed con-ditions brought about by a state of war.

We think under the conditions shown by the applica-tion the continuance should have been granted, and that the Circuit Judge in denying it erred to the disadvantage

of the accused, whereby his rights may have been jeopardized.

The judgment is reversed.

TAYLOR, WHITFIELD AND WEST, J. J., concur.

ELLIS, J., dissents.

ELLIS, J., dissenting.—The affidavit for continuance does not comply with the rule in that it does not inform the court where and how the information was obtained by the affiants that the absent witnesses would testify as set forth in the indictment. Stinson v. State, 76 Fla. 421, 80 South. Rep. 506. Nor does it appear that the witness, Harvey, who was mentioned in a former affidavit for continuance, would not swear to the same facts.